# In the United States Court of Appeals
## for the First Circuit

**ARIELLA HELLMAN,** on their own behalf and as next friend of their child, **E.H.;**
**DAVID HELLMAN,** on their own behalf and as next friend of their child, **E.H.; JOSH HARRISON** on their own behalf and as next friend of their child, **H.H.;**
and **MIRIAM SEGURA-HARRISON,** on their own behalf and as next friend of their child, **H.H.,**

*Plaintiffs-Appellants,*

v.

**MASSACHUSETTS DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION;**
**KATHERINE CRAVEN,** in the official capacity as Chair of the Board; **MATTHEW B. HILLS,** in the official capacity as Vice-Chair of the Board; **DR. ERICKA FISHER,** in the official capacity as a member of the Board; **ELA GARDINER,** in the official capacity as a member of the Board; **FARZANA MOHAMED,** in the official capacity as a member of the Board; **MICHAEL MORIARTY,** in the official capacity as a member of the Board; **DÁLIDA ROCHA,** in the official capacity as a member of the Board; **PAYMON ROUHANIFARD,** in the official capacity as a member of the Board; **MARY ANN STEWART,** in the official capacity as a member of the Board; **DR. PATRICK TUTWILER,** in the official capacity as a member of the Board; **DR. MARTIN WEST,** in the official capacity as a member of the Board; **RUSSELL D. JOHNSTON,** in the official capacity as Acting Secretary of the Board and Commissioner of DESE; **MASSACHUSETTS BOARD OF ELEMENTARY AND SECONDARY EDUCATION,**

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Massachusetts

## JOINT APPENDIX

| | |
|---|---|
| Tiffany Stichel | David G. Hodges |
| SCHLOSSBERG, LLC | Renée D. Flaherty |
| 35 Braintree Hill Park, Suite 401 | INSTITUTE FOR JUSTICE |
| Braintree, MA 02184 | 901 N. Glebe Road, Suite 900 |
| Tel: (781) 848-5028 | Arlington, Virginia 22203 |
| tstichel@schlossbergllc.com | (703) 682-9320 |
| *Counsel for Plaintiffs-Appellants* | dhodges@ij.org; rflaherty@ij.org |
| | *Counsel for Plaintiffs-Appellants* |

*Additional counsel listed on inside cover*

**Appx. i**

John C. La Liberte
PIONEER PUBLIC INTEREST LAW
CENTER
185 Devonshire Street, 11th Floor
Boston, MA 02110
Tel: (617) 819-1010
john.laliberte@pioneerlegal.org
*Counsel for Plaintiffs-Appellants*

Timothy J. Casey
OFFICE OF THE MASSACHUSETTS
ATTORNEY GENERAL
One Ashburton Place
Boston, MA 02180
(617) 963-2043
timothy.casey@mass.gov

*Counsel for Defendants-Appellees*

# TABLE OF CONTENTS

Appendix Page

Docket Entries......................................................................................App. 1

Plaintiffs' Complaint
    filed May 6, 2024............................................................................App. 12

Defendants' Motion to Dismiss
    filed July 30, 2024 ........................................................................App. 37

Notice of Appeal
    filed April 28, 2025......................................................................App. 41

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:24-cv-11200-NMG

Hellman et al v. Department of Elementary and Secondary Education et al
Assigned to: Judge Nathaniel M. Gorton
Case in other court: USCA - First Circuit, 25-01417
Cause: 20:1415 Rights to Special Educational Services

Date Filed: 05/06/2024
Date Terminated: 03/31/2025
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Ariella Hellman**                           represented by   **David Hodges**
                                                              Institute for Justice
                                                              901 N. Glebe Road
                                                              Suite 900
                                                              Arlington, VA 22203
                                                              703-682-9320
                                                              Email: dhodges@ij.org
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Tiffany L. Stichel**
                                                              Schlossberg, LLC
                                                              35 Braintree Hill Office Park
                                                              Suite 401
                                                              Braintree, MA 02184
                                                              781-848-5028
                                                              Email: tstichel@schlossbergllc.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Bryan Thomas Noonan**
                                                              Farrell Lavin, PLLC
                                                              46 Railroad Avenue
                                                              Suite 204
                                                              Duxbury, MA 02332
                                                              603-489-9625
                                                              Email: noonan.bryan@gmail.com
                                                              *TERMINATED: 04/25/2025*
                                                              *ATTORNEY TO BE NOTICED*

**Appx. 1**

**Renee Flaherty**
Institute for Justice
901 N. Glebe Road
Suite 900
Arlington, VA 22203
703-682-9320
Email: rflaherty@ij.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Hellman**                    represented by **David Hodges**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tiffany L. Stichel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Thomas Noonan**
(See above for address)
*TERMINATED: 04/25/2025*
*ATTORNEY TO BE NOTICED*

**Renee Flaherty**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Josh Harrison**                    represented by **David Hodges**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tiffany L. Stichel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Thomas Noonan**
(See above for address)
*TERMINATED: 04/25/2025*
*ATTORNEY TO BE NOTICED*

Renee Flaherty
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Miriam Segura-Harrison**        represented by    **David Hodges**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tiffany L. Stichel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Thomas Noonan**
(See above for address)
*TERMINATED: 04/25/2025*
*ATTORNEY TO BE NOTICED*

**Renee Flaherty**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Department of Elementary and Secondary Education**    represented by    **Rebecca R. Krumholz**
Massachusetts Office of the Attorney General
Constitutional and Administrative Law Division
One Ashburton Place
Boston, MA 02108
617-963-2022
Email: Rebecca.krumholz@mass.gov
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2043
Fax: 617-727-5785
Email: timothy.casey@mass.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ericka Fisher**                          represented by **Rebecca R. Krumholz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Paymon Rouhanifard**                     represented by **Rebecca R. Krumholz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ela Gardiner**                           represented by **Rebecca R. Krumholz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Martin West**                            represented by **Rebecca R. Krumholz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew Hills**                          represented by **Rebecca R. Krumholz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Farzana Mohamed**                    represented by **Rebecca R. Krumholz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Patrick Tutwiler**                    represented by **Rebecca R. Krumholz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Mary Ann Stewart**                    represented by **Rebecca R. Krumholz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Massachusetts Board of Elementary**   represented by **Rebecca R. Krumholz**
**and Secondary Education**             (See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Russell D. Johnston**                 represented by **Rebecca R. Krumholz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy James Casey**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Appx. 5**

| Dalida Rocha | represented by | **Rebecca R. Krumholz** |
|---|---|---|
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Timothy James Casey** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| Katherine Craven | represented by | **Rebecca R. Krumholz** |
|---|---|---|
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Timothy James Casey** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| Michael Moriarty | represented by | **Rebecca R. Krumholz** |
|---|---|---|
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Timothy James Casey** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/06/2024 | 1 | COMPLAINT against Department of Elementary and Secondary Education, Ericka Fisher, Paymon Rouhanifard, Ela Gardiner, Martin West, Matthew Hills, Farzana Mohamed, Patrick Tutwiler, Mary Ann Stewart, Massachusetts Board of Elementary and Secondary Education, Russell D. Johnston, Dalida Rocha, Katherine Craven, Michael Moriarty Filing fee: $ 405, receipt number AMADC-10402181 (Fee Status: Filing Fee paid), filed by Josh Harrison, Ariella Hellman, David Hellman, Miriam Segura-Harrison. (Attachments: # 1 Category Form, # 2 Civil Cover Sheet)(Stichel, Tiffany) (Entered: 05/06/2024) |
| 05/06/2024 | 2 | ELECTRONIC NOTICE of Case Assignment. Judge Nathaniel M. Gorton assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Donald L. Cabell. (Kinsella, Jaylannie) (Entered: 05/06/2024) |
| 05/06/2024 | 3 | Summons Issued as to Katherine Craven, Department of Elementary and Secondary Education, Ericka Fisher, Ela Gardiner, Matthew Hills, Russell D. Johnston, Massachusetts Board of Elementary and Secondary Education, Farzana Mohamed, Michael Moriarty, Dalida Rocha, Paymon Rouhanifard, Mary Ann Stewart, Patrick Tutwiler, Martin West. **Counsel receiving this** |

| | | |
|---|---|---|
| | | **notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (McManus, Caetlin) (Entered: 05/06/2024) |
| 05/06/2024 | 4 | MOTION for Leave to Appear Pro Hac Vice for admission of David G. Hodges and Renee D. Flaherty Filing fee: $ 250, receipt number AMADC-10402953 by Josh Harrison, Ariella Hellman, David Hellman, Miriam Segura-Harrison. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Stichel, Tiffany) (Entered: 05/06/2024) |
| 05/07/2024 | 5 | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered **ALLOWING** 4 Motion for Leave to Appear Pro Hac Vice Added David G. Hodges and Renee D. Flaherty. <br><br> **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br> Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm. <br><br> A Notice of Appearance must be entered on the docket by the newly admitted attorney. <br><br> (Kelly, Danielle) (Entered: 05/07/2024) |
| 05/07/2024 | 6 | NOTICE of Appearance by David Hodges on behalf of Josh Harrison, Ariella Hellman, David Hellman, Miriam Segura-Harrison (Hodges, David) (Entered: 05/07/2024) |
| 05/07/2024 | 7 | NOTICE of Appearance by Renee Flaherty on behalf of Josh Harrison, Ariella Hellman, David Hellman, Miriam Segura-Harrison (Flaherty, Renee) (Entered: 05/07/2024) |
| 05/10/2024 | 8 | NOTICE of Appearance by Bryan Thomas Noonan on behalf of Josh Harrison, Ariella Hellman, David Hellman, Miriam Segura-Harrison (Noonan, Bryan) (Entered: 05/10/2024) |
| 05/15/2024 | 9 | AFFIDAVIT OF SERVICE Executed by David Hellman, Ariella Hellman, Josh Harrison, Miriam Segura-Harrison. Katherine Craven served on 5/15/2024, answer due 6/5/2024; Department of Elementary and Secondary Education served on 5/15/2024, answer due 6/5/2024; Ericka Fisher served on 5/15/2024, answer due 6/5/2024; Ela Gardiner served on 5/15/2024, answer due 6/5/2024; Matthew Hills served on 5/15/2024, answer due 6/5/2024; Russell D. Johnston served on 5/15/2024, answer due 6/5/2024; Massachusetts Board of Elementary and Secondary Education served on 5/15/2024, answer due 6/5/2024; Farzana |

| | | |
|---|---|---|
| | | Mohamed served on 5/15/2024, answer due 6/5/2024; Michael Moriarty served on 5/15/2024, answer due 6/5/2024; Dalida Rocha served on 5/15/2024, answer due 6/5/2024; Paymon Rouhanifard served on 5/15/2024, answer due 6/5/2024; Mary Ann Stewart served on 5/15/2024, answer due 6/5/2024; Patrick Tutwiler served on 5/15/2024, answer due 6/5/2024; Martin West served on 5/15/2024, answer due 6/5/2024. Acknowledgement filed by David Hellman; Ariella Hellman; Josh Harrison; Miriam Segura-Harrison. (Hodges, David) (Entered: 05/15/2024) |
| 06/03/2024 | 10 | NOTICE of Appearance by Timothy James Casey on behalf of Katherine Craven, Department of Elementary and Secondary Education, Ericka Fisher, Ela Gardiner, Matthew Hills, Russell D. Johnston, Massachusetts Board of Elementary and Secondary Education, Farzana Mohamed, Michael Moriarty, Dalida Rocha, Paymon Rouhanifard, Mary Ann Stewart, Patrick Tutwiler, Martin West (Casey, Timothy) (Entered: 06/03/2024) |
| 06/03/2024 | 11 | WAIVER OF SERVICE Returned Executed by David Hellman, Ariella Hellman, Josh Harrison, Miriam Segura-Harrison. Katherine Craven waiver sent on 5/31/2024, answer due 7/30/2024; Department of Elementary and Secondary Education waiver sent on 5/31/2024, answer due 7/30/2024; Ericka Fisher waiver sent on 5/31/2024, answer due 7/30/2024; Ela Gardiner waiver sent on 5/31/2024, answer due 7/30/2024; Matthew Hills waiver sent on 5/31/2024, answer due 7/30/2024; Russell D. Johnston waiver sent on 5/31/2024, answer due 7/30/2024; Massachusetts Board of Elementary and Secondary Education waiver sent on 5/31/2024, answer due 7/30/2024; Farzana Mohamed waiver sent on 5/31/2024, answer due 7/30/2024; Michael Moriarty waiver sent on 5/31/2024, answer due 7/30/2024; Dalida Rocha waiver sent on 5/31/2024, answer due 7/30/2024; Paymon Rouhanifard waiver sent on 5/31/2024, answer due 7/30/2024; Mary Ann Stewart waiver sent on 5/31/2024, answer due 7/30/2024; Patrick Tutwiler waiver sent on 5/31/2024, answer due 7/30/2024; Martin West waiver sent on 5/31/2024, answer due 7/30/2024. (Attachments: # 1 Supplement Letter regarding Waiver of Service)(Hodges, David) (Entered: 06/03/2024) |
| 06/03/2024 | 12 | NOTICE of Appearance by Rebecca R. Krumholz on behalf of Katherine Craven, Department of Elementary and Secondary Education, Ericka Fisher, Ela Gardiner, Matthew Hills, Russell D. Johnston, Massachusetts Board of Elementary and Secondary Education, Farzana Mohamed, Michael Moriarty, Dalida Rocha, Paymon Rouhanifard, Mary Ann Stewart, Patrick Tutwiler, Martin West (Krumholz, Rebecca) (Entered: 06/03/2024) |
| 07/30/2024 | 13 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Katherine Craven, Department of Elementary and Secondary Education, Ericka Fisher, Ela Gardiner, Matthew Hills, Russell D. Johnston, Massachusetts Board of Elementary and Secondary Education, Farzana Mohamed, Michael Moriarty, Dalida Rocha, Paymon Rouhanifard, Mary Ann Stewart, Patrick Tutwiler, Martin West.(Krumholz, Rebecca) (Entered: 07/30/2024) |

| | | |
|---|---|---|
| 07/30/2024 | 14 | MEMORANDUM in Support re 13 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Katherine Craven, Department of Elementary and Secondary Education, Ericka Fisher, Ela Gardiner, Matthew Hills, Russell D. Johnston, Farzana Mohamed, Michael Moriarty, Dalida Rocha, Paymon Rouhanifard, Mary Ann Stewart, Patrick Tutwiler, Martin West. (Krumholz, Rebecca) (Entered: 07/30/2024) |
| 07/31/2024 | 15 | Assented to MOTION for Extension of Time to 08/20/2024 to File Response/Reply as to 13 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 14 Memorandum in Support of Motion, by Josh Harrison, Ariella Hellman, David Hellman, Miriam Segura-Harrison.(Hodges, David) (Entered: 07/31/2024) |
| 08/01/2024 | 16 | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered **ALLOWING** 15 Motion for Extension of Time to File Response/Reply as to 13 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 14 Memorandum in Support of Motion.<br><br>Responses due by 8/20/2024 (Cowan, Nicole) (Entered: 08/01/2024) |
| 08/20/2024 | 17 | MEMORANDUM in Opposition re 13 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Josh Harrison, Ariella Hellman, David Hellman, Miriam Segura-Harrison. (Hodges, David) (Entered: 08/20/2024) |
| 10/24/2024 | 18 | MOTION for Leave to File *Reply Brief in Response to Plaintiffs' Opposition to Defendants' Motion to Dismiss* by Katherine Craven, Department of Elementary and Secondary Education, Ericka Fisher, Ela Gardiner, Matthew Hills, Russell D. Johnston, Massachusetts Board of Elementary and Secondary Education, Farzana Mohamed, Michael Moriarty, Dalida Rocha, Paymon Rouhanifard, Mary Ann Stewart, Patrick Tutwiler, Martin West. (Attachments: # 1 Exhibit A (Proposed Reply Brief))(Krumholz, Rebecca) (Entered: 10/24/2024) |
| 10/25/2024 | 19 | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered **ALLOWING** 18 Motion for Leave to File Document ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Cowan, Nicole) (Entered: 10/25/2024) |
| 10/28/2024 | 20 | REPLY to Response to 13 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Katherine Craven, Department of Elementary and Secondary Education, Ericka Fisher, Ela Gardiner, Matthew Hills, Russell D. Johnston, Massachusetts Board of Elementary and Secondary Education, Farzana Mohamed, Michael Moriarty, Dalida Rocha, Paymon Rouhanifard, Mary Ann Stewart, Patrick Tutwiler, Martin West. (Krumholz, Rebecca) (Entered: 10/28/2024) |
| 11/06/2024 | 21 | MOTION for Leave to File *Notice of Supplemental Authority in Further Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss* by Josh Harrison, |

| | | |
|---|---|---|
| | | Ariella Hellman, David Hellman, Miriam Segura-Harrison. (Attachments: # 1 Exhibit A)(Hodges, David) (Entered: 11/06/2024) |
| 11/07/2024 | 22 | Judge Nathaniel M. Gorton: ELECTRONIC ORDER entered **DENYING** 21 Motion for Leave to File *Notice of Supplemental Authority in Further Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss*. (Cowan, Nicole) (Entered: 11/07/2024) |
| 03/31/2025 | 23 | Judge Nathaniel M. Gorton: ORDER entered. MEMORANDUM AND ORDER. For the foregoing reasons, defendant's motion to dismiss (Docket No. 13 ) is **ALLOWED**.<br><br>**So Ordered.**<br><br>(NMC) (Entered: 04/01/2025) |
| 03/31/2025 | 24 | Judge Nathaniel M. Gorton: ORDER entered. ORDER DISMISSING CASE. (NMC) (Entered: 04/01/2025) |
| 04/25/2025 | 25 | NOTICE of Withdrawal of Appearance by Bryan Thomas Noonan (Noonan, Bryan) (Entered: 04/25/2025) |
| 04/28/2025 | 26 | NOTICE OF APPEAL as to 23 Memorandum & ORDER by Josh Harrison, Ariella Hellman, David Hellman, Miriam Segura-Harrison. Filing fee: $ 605, receipt number AMADC-10974455 Fee Status: Not Exempt.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 5/19/2025. (Hodges, David) (Entered: 04/28/2025) |
| 04/28/2025 | 27 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 26 Notice of Appeal (MAP) (Entered: 04/28/2025) |
| 04/29/2025 | 28 | USCA Case Number 25-1417 for 26 Notice of Appeal, filed by David Hellman, Miriam Segura-Harrison, Ariella Hellman, Josh Harrison. (MAP) (Entered: 04/29/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/20/2025 14:29:35 | | | |
| **PACER Login:** | if012567 | **Client Code:** | 1000-1 |

**Appx. 10**

| Description: | Docket Report | Search Criteria: | 1:24-cv-11200-NMG |
|---|---|---|---|
| Billable Pages: | 9 | Cost: | 0.90 |

**Appx. 11**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ARIELLA** and **DAVID HELLMAN,** on their own behalf and as next friends of their child**, E.H.;** and **JOSH HARRISON** and **MIRIAM SEGURA-HARRISON,** on their own behalf and as next friends of their child, **H.H.,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**MASSACHUSETTS BOARD OF ELEMENTARY AND SECONDARY EDUCATION; KATHERINE CRAVEN,** in her official capacity as Chair of the Board; **MATT HILLS,** in his official capacity as Vice-Chair of the Board; **DR. ERICKA FISHER,** in her official capacity as a member of the Board; **ELA GARDINER,** in her official capacity as a member of the Board; **FARZANA MOHAMED,** in her official capacity as a member of the Board; **MICHAEL MORIARTY,** in his official capacity as a member of the Board; **DÁLIDA ROCHA,** in her official capacity as a member of the Board; **PAYMON ROUHANIFARD,** in his official capacity as a member of the Board; **MARY ANN STEWART,** in her official capacity as a member of the Board; **DR. PATRICK TUTWILER,** in his official capacity as a member of the Board; **DR. MARTIN WEST,** in his official capacity as a member of the Board; **RUSSELL D. JOHNSTON,** in his official capacity as Acting Secretary of the Board and Commissioner of DESE; and **MASSACHUSETTS DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION,**<br><br>*Defendants*. | Case No._____<br><br>**COMPLAINT** |

**NATURE OF THE ACTION**

1.     School committees in Massachusetts have a statutory obligation to provide special education services to ***all*** children with special needs. Unfortunately, this obligation has been subverted by a regulation promulgated by the Defendant Massachusetts Board of Elementary and

1

**Appx. 12**

Secondary Education ("Board") and enforced by the Defendant Massachusetts Department of Elementary and Secondary Education ("DESE"). This regulation harms children whom the law requires the government to help by barring children whose parents enroll them in private schools from receiving services financed with state and local funds at their schools.

2. Defendants' regulation undermines Massachusetts' guarantee that all students with special needs can receive special education services. But it also discriminates against children whose parents place them in private school. Unlike other children in Massachusetts, these children must leave their school and travel off-site to a public or "neutral" location just so they can access special education services. The effect of this regulation is that school districts can provide special education services throughout the Commonwealth except one place: the schools that these private school students actually attend.

3. This regulation unconstitutionally discriminates against these children. It singles them out by requiring them—and only them—to access services outside of their schools. The regulation mandates this even as it permits children in public school—and even children that *the government* places in private schools—to receive services inside of their schools. Because this regulation infringes on the rights of parents to direct the upbringing of their children, including by placing them in private school, it is unconstitutional.

4. It is also irrational: Traveling off-site to access special education services is impracticable in many, maybe even most, circumstances. In addition, since many services are required *at the point of learning*, they are effectively useless if the student is required to travel off-site to access them.

5. But even where it is technically possible to travel off-site, doing so is unduly burdensome for students and their parents. Bouncing back and forth between school and some

2

**Appx. 13**

"neutral" location is incredibly difficult for children with special needs, for many of whom structure and consistency is important. Being removed from class to access services is also stigmatizing for these children, who already face physical or emotional challenges. Time spent traveling rather than learning results in the children falling even further behind in their academics. Furthermore, many parents work outside the home, so they cannot spend time during the workday shuttling their children from location to location. Consequently, many students are forced to forgo special education altogether, despite their legal entitlement to it.

6.      The ban on services at private schools is unconstitutional for three reasons. First, it penalizes parents who exercise their constitutional right to direct the upbringing and education of their children by enrolling them in a private school, making it more difficult (and sometimes impossible) to access the services (and, in many instances, rendering the services useless), in violation of the Due Process Clause of the Fourteenth Amendment. Second, it treats similarly situated parents and children differently because of how some parents direct the upbringing of their children, in violation of the Equal Protection Clause of the Fourteenth Amendment. Third, to the extent that the source of substantive protection for the right of parents to direct the upbringing of their children by enrolling them in a private school is the Privileges or Immunities Clause, rather than the Due Process Clause, the ban abridges a privilege or immunity of citizenship.

**JURISDICTION AND VENUE**

7.      Plaintiffs' action, filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201(a) and 2202, seeks injunctive relief and a declaration that Defendants' regulation barring students with special needs from receiving state- or locally funded special education services while inside private schools and Defendants' denial of state- or locally funded special education services in

3

**Appx. 14**

private schools that parents have chosen for their children is unconstitutional on its face and as applied to Plaintiffs.

8.      This Court possesses jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3).

9.      Pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue is proper in this judicial district because Defendants reside within it and the events giving rise to Plaintiffs' claims occurred within it.

**PARTIES**

10.      Plaintiffs Ariella and David Hellman live in Brookline, Massachusetts with their family. They send their child, E.H., to a private school. Ariella and David bring this action on their own and E.H.'s behalf.

11.      Plaintiffs Josh Harrison and Miriam Segura-Harrison live in Brighton, Massachusetts with their family. They send their child, H.H., to a private school. Josh and Miriam bring this action on their own and H.H.'s behalf.

12.      Defendants are the Board, as well as its officers and members in their official capacities, and the DESE and its commissioner, in his official capacity.

13.      By law, the Board "shall promulgate . . . regulations regarding educational programs for children with disabilities." M.G.L. c. 71B, § 2.

14.      With 603 Code Mass. Regs. ("CMR") 28.00, the Board promulgated a regulatory scheme that "governs the provision by Massachusetts public schools of special education and related services to eligible students and the approval of public or private day and residential schools seeking to provide special education services to publicly funded eligible students." 603

**Appx. 15**

CMR 28.01(2). It did so pursuant to its authority under M.G.L. c. 69, § 1B and c. 71-B, § 2. *See* 603 CMR 28.01(1) (explaining its sources of authority).

15. The Defendant Board and its members have the responsibility and practical ability to ensure that the Board's regulations, policies, and powers are implemented in accordance with the U.S. Constitution.

16. Defendant Katherine Craven is Chair of the Board and is sued only in her official capacity.

17. Defendant Matt Hills is Vice-Chair of the Board and is sued only in his official capacity.

18. Defendant Dr. Ericka Fisher is a member of the Board and is sued only in her official capacity.

19. Defendant Ela Gardiner is a member of the Board and is sued only in her official capacity.

20. Defendant Farzana Mohamed is a member of the Board and is sued only in her official capacity.

21. Defendant Michael Moriarty is a member of the Board and is sued only in his official capacity.

22. Defendant Dálida Rocha is a member of the Board and is sued only in her official capacity.

23. Defendant Paymon Rouhanifard is a member of the Board and is sued only in his official capacity.

24. Defendant Mary Ann Stewart is a member of the Board and is sued only in her official capacity.

**Appx. 16**

25.     Defendant Dr. Patrick Tutwiler is a member of the Board and is sued only in his official capacity.

26.     Defendant Dr. Martin West is a member of the Board and is sued only in his official capacity.

27.     Defendant Russell Johnston is Secretary to the Board and is sued only in his official capacity. Defendant Johnston is also the Acting Commissioner of DESE and is sued in that official capacity, as well.

28.     Defendant DESE has the power to enforce regulations promulgated by the Board. 603 CMR 28.03(6).

29.     DESE "may withhold funds for special education from cities, towns, school districts, or private schools or agencies that do not comply with regulations or statutes related to special education." *Id.*

30.     DESE has the responsibility and practical ability to ensure that the Board's regulations, policies, and powers are implemented in accordance with the U.S. Constitution.

31.     By law, DESE is "under the supervision and management of" Defendant Johnston. M.G.L. c. 69, § 1A.

32.     Defendant Johnston receives a salary set by the Board and acts as "secretary to the board, its chief executive officer and the chief state school officer for elementary and secondary education." Defendant Johnston may also "exercise" the authority of the board "whenever in its judgment such delegation may be necessary or desirable." The Board also has the power to "recommend[]" and "remove" Defendant Johnston. M.G.L. c. 15, § 1F.

**Appx. 17**

33. With the approval of the Board, Defendant Johnston is required to "establish such bureaus and other offices and employ such staff and consultants as may be necessary for the proper and efficient administration of the department." M.G.L. c. 69, § 1A.

34. Defendant Johnston's responsibilities include the mandate to "monitor the implementation of independent evaluations of students with disabilities" and "assess the effectiveness of special education programs developed by school districts and charter schools." *Id*.

## FACTUAL ALLEGATIONS

***Massachusetts lawmakers have guaranteed all students with special needs an individual entitlement to special education and related services.***

35. Massachusetts guarantees students with special needs that no matter where they attend school, their local school committee will provide them with special education services. M.G.L. c. 71B, § 3. Massachusetts effectuates this guarantee by requiring "the school committee of every city, town or school district" in the Commonwealth to "identify the school age children residing therein who have a disability." *Id*. A school age child with a disability is a child who is aged 3–21, is "in a public or non-public school setting," has not earned a high school diploma, and, because of a disability or combination of disabilities, "is unable to progress effectively in regular education and requires special education services." M.G.L. c. 71B, § 1.

36. Once a student has been identified as having a disability, the committee must "diagnose and evaluate" the child's special needs, "propose a special education program to meet those needs," and "provide or arrange for the provision of such special education program." M.G.L. c. 71B, § 3. In providing or arranging for a special education program, the school committee must "pay for such special education personnel, materials and equipment, tuition,

7

**Appx. 18**

room and board, transportation, rent and consultant services as are necessary for the provision of special education." M.G.L. c. 71B, § 5.

37.     Massachusetts also requires that students with disabilities be educated in the "least restrictive environment." M.G.L. c. 71B, § 1. This means that "to the maximum extent appropriate, children with disabilities, including children in public or private institutions or other care facilities, are educated with children who are not disabled." *Id.* It is "**only when the nature or severity of the disability of a child**" is such that education in regular classes . . . cannot be achieved satisfactorily" that the child can be removed "from the regular educational environment," attend "special classes," or receive "separate schooling." *Id.* (emphasis added).

38.     Taken as a whole, Massachusetts disability law is more generous than its federal counterpart, the Individuals with Disabilities Education Act, ("IDEA") Act, 20 U.S.C. §§ 1400 *et seq.* Federal law sets a baseline, or "minimum," standard that a child's special education be "reasonably calculated to enable the child to receive educational benefits." *Frank S. v. Sch. Comm. of the Dennis–Yarmouth Reg'l Sch. Dist.,* 26 F. Supp. 2d 219, 226 (D. Mass. 1998) (citing cases). By contrast, Massachusetts law requires that a child's special education "must be reasonably calculated to assure the child's *maximum* possible development in the least restrictive environment." *Id.* (emphasis in original).

39.     Also unlike federal law, Massachusetts law provides all children with disabilities—including children whose parents enroll them in private schools—with an individual right to special education services. M.G.L. c. 71B, § 3. By contrast, federal law provides no such individual right for children with disabilities whose parents enroll them in private schools. Instead, federal law requires local education agencies to use a proportionate share of federal funds received under Part B of the IDEA, 20 U.S.C. § 1412(a)(10)(A), to provide special

**Appx. 19**

education and related services for the *group* of children with disabilities who are enrolled by their parents in private schools. Which of the children in that group receive services, and what services they receive, are decisions left to the discretion of local education agencies; thus, no child parentally placed in a private school has an *individual* right to a particular level—or to any—special education services under the IDEA. *Id.* Under Massachusetts law, by contrast, such children do have an individual entitlement. M.G.L. c. 71B, § 3.

### *Massachusetts regulators have made it all but impossible for certain students to receive the entitlement that Massachusetts law guarantees.*

40.     Despite the generous nature of Massachusetts disability law, the Board has promulgated regulations—and DESE enforces those regulations—that single out and impose a blanket "place" restriction that bars children whose parents enroll them in private schools from receiving state- or locally funded special education services at their private schools. 603 CMR 28.03(1)(e)(3). By contrast, the Board has not mandated a similar restriction for children whom school committees have placed in private schools, such as when school committees provide for a child's "special education in an approved private day or residential school," M.G.L. c. 71B, § 5, or "enter into an agreement with any . . . private school, agency, or institution to provide the necessary special education within the city, town or school district." M.G.L. c. 71B, § 4.

41.     The "place" restriction uniquely applies to children whose *parents* enroll them in private schools. Again, there is no similar restriction on children in public schools or children who have been enrolled in a private school by their school committee. Thus, if the government— via a school committee—decides to send a child to a private school, the child gets all the benefits to which she is entitled. But if a parent decides to send a child to a private school—that is, if a parent exercises her constitutional right to enroll her child in a private school—then those benefits are severely restricted.

9

**Appx. 20**

42.     The Board effectuates the "place" restriction by requiring that, in the case of parentally placed private school students, "school districts shall ensure that special education services funded with state or local funds are provided in a public school facility or other public or neutral site." 603 CMR 28.03(1)(e)(3). By contrast, "[w]hen services are provided using only federal funds, services may be provided on private school grounds." *Id.* Practically speaking, this means that parentally placed private school students can receive state- or locally funded special education throughout the Commonwealth so long as it is not in one place: the school that they attend.

43.     Upon information and belief, the Board promulgated these regulations to comply with the state constitutional bar on "aiding any . . . primary or secondary school . . . not publicly owned and under the exclusive control" of the Commonwealth. Massachusetts Const. amend. art. XVIII, § 2. *See also* 603 CMR 28.03(1)(e)(1) ("The school district shall provide to such students genuine opportunities to participate in the public school special education program consistent with state constitutional limitations.").

44.     Because of Defendants' regulation, children whose parents enroll them in private school are barred from receiving state- or locally funded special education to which they are entitled by law within the private school their children attend.

45.     Because Defendants impose and/or enforce this regulation, parents who enroll their children in private school face irrational obstacles to obtaining special education for their children, pay out of pocket for special education their children are entitled to by law, and/or entirely forgo the special education that their children require and to which they are lawfully entitled.

10

**Appx. 21**

## INJURIES

### *The impact of the regulation on Ariella and David Hellman.*

46.     Plaintiffs Ariella and David Hellman have chosen to send their son, E.H., to the Maimonides School, a private elementary school, in Brookline. Because Ariella and David have elected to send E.H. to a private school, he may not receive state- or locally funded special education services at school. Ariella and David have thus been penalized by Defendants for exercising their constitutional right to direct the upbringing and education of their child by enrolling him in a private school.

47.     Ariella and David's son has required special education services for years. When E.H. was four years old, Ariella and David noticed that E.H. had trouble with anxiety and concentrating and took him to get tested. Those tests—followed by later tests—revealed that E.H. has ADHD. Although E.H. is a bright and friendly boy, ADHD affects his ability to learn. For example, ADHD makes it challenging for him to complete his tasks at hand and to work independently. These issues make life harder for him and he will need services for the foreseeable future.

48.     The Public Schools of Brookline ("PSB") have provided E.H. with an Individualized Education Program ("IEP") since he was in preschool. An IEP provides children and their parents with a program of special education services and the services that the child needs to thrive that are specifically designed to meet the child's needs. 600 CMR 28.02.

49.     In his latest IEP, PSB recommended E.H. receive three services with varying frequencies. For example, PSB determined he needs two hours of academic support throughout each week of school, as well as thirty minutes of counseling and learning-center time each week.

11

**Appx. 22**

In total, over the course of a single week of school, PSB recommends he receive three hours of special education and related services.

50.     Because of Defendants' regulation, E.H. has been unable to get state- or locally funded services—*to which he is entitled*—at the private schools he has attended. For example, after E.H. received his first IEP, Ariella and David tried to get him the services that it prescribed. But Ariella and David are working parents. So, for E.H. to access his services, they would have to leave their jobs during the day and spend hours transporting E.H. from his preschool to the sites where services would be provided. This was not possible because their jobs did not enable them to cart their son to and from school multiple times per week. Thus, because it was impossible for E.H. to receive the services he needed at the private school Plaintiffs wanted him to attend, they made the difficult choice to enroll him in a public school so he could access services.

51.     Despite the fact that E.H. could receive his IEP services at his public school, Ariella and David knew it was not the best educational environment for him, so they later withdrew him from public school and enrolled him in Maimonides. Ariella and David chose to send E.H. to Maimonides, in part, because they are Jewish. They observe Jewish law and want their children to receive an education informed by Judaism. They do not wish to be penalized because they have chosen to educate him outside of the public school system. But the unfortunate truth is that their family has been penalized for years, and they are penalized now.

52.     Today, the only way E.H. can receive the services to which he is entitled is if he is transported to and from his school multiple times per week.

**Appx. 23**

53. Traveling to and from a public or "neutral" location multiple times per week would be unduly disruptive and burdensome for E.H., whose most recent evaluation emphasized that he is "easily overwhelmed by his workload."

54. Being removed from Maimonides and transported to a public or "neutral" location multiple times per week would be stigmatizing and stressful for E.H., whose most recent evaluation identified his problems with "anxiety and frustration."

55. Time spent traveling rather than learning and interacting with classmates would interfere with E.H.'s educational tasks and thereby detract from the educational benefit he would receive by continuing to attend school full-time at Maimonides.

56. Likewise, time spent at a public or "neutral" location rather than Maimonides would detract from the education at the religious school that was Ariella and David's conviction—and right—to provide E.H.

57. Because parentally placed private school children are not entitled to receive state- or locally funded services at their schools, Ariella and David would have to incur significant out-of-pocket expenses to provide services at school for E.H. that are not provided through Gateways: Access to Jewish Education ("Gateways," explained below in paragraph 60).

58. Because parentally placed private school kids are not entitled to receive transportation to their services, *see* 600 CMR 28.05(5)(a), Ariella and David would have to incur significant expenses shuttling E.H. to and from his school.

59. Ariella and David simply want E.H. to attend a school where he can access the special education services he is legally entitled to and receive an education that will shape his character in accordance with their family's beliefs. Yet because of Defendants' regulation, they are in a position where their son attends a school where he can only access one of those things.

13

**Appx. 24**

60.     Fortunately, over the years, E.H. has been able to receive some—but not all—of the services he requires through Gateways. This is a nonprofit organization that provides services to students in the Jewish community. Since Massachusetts regulations forbid state and local public funds from financing special education services for parentally placed students at their private schools, Gateways frequently steps into the void and provides those services instead, financed through private donations and federal monies, or "proportionate share" funds, that have been disbursed by PSB, in accordance with the IDEA. However, as noted above, IDEA does not provide an individual right to parentally placed private school students. Consequently, E.H. does not receive all the special education services that PSB acknowledges he requires.

61.     Thus, even though Gateways is helpful, it cannot do everything. Indeed, there is no guarantee that E.H. will receive any, let alone all, the services that are recommended by his IEP. Instead, each year Ariella and David hope that Gateways can generate enough money and then allocate a portion of it toward E.H.'s special education services. So far, Ariella and David have been fortunate because Gateways has been able to provide some of the services that E.H. needs. But that still means that he forgoes other services each year. Making matters more complicated, Ariella and David have learned that, in the future, Gateways may not be able to provide the same level of services that it currently provides.

62.     In short, because of Defendants' regulation, Ariella and David are forced to make a choice: Do we send E.H. to a public school, where he can receive all the services to which he is entitled but not get the education that is best for him, or do we provide him with the best education for him but forgo the services to which he is entitled?

63.     Because traveling to and from a public or "neutral" location would have been impracticable, unduly burdensome, disruptive, stigmatizing, stressful, inefficient, and

14

**Appx. 25**

counterproductive; and would have thwarted Ariella and David's conviction to educate E.H. at a Jewish, rather than public, school, Ariella and David decided to forgo the services financed with state and local funds.

### *The impact of the regulation on Josh Harrison and Miriam Segura-Harrison.*

64. Plaintiffs Josh Harrison and Miriam Segura-Harrison have chosen to send their son, H.H., to Shaloh House, a private elementary school, in Brighton. Like the Hellman Plaintiffs, Miriam and Josh have been penalized by Defendants for exercising their constitutional right to direct the upbringing and education of their child by enrolling him in a private school.

65. Miriam and Josh's child has required special education services for years. When H.H. was five years old, Miriam and Josh took him to a specialist at Boston Public Schools ("BPS") to get tested. He later received an IEP from BPS.

66. H.H.'s current IEP states that he has ADHD, developmental coordination disorder, and a reading impairment (dyslexia). ADHD makes it difficult for H.H. to concentrate and the developmental disorder means that his fine motor skills are not at the same level as most kids his age. That means that he sometimes has trouble doing things like getting dressed or playing games with his friends. His social-emotional delays make it more challenging for him to respond appropriately in everyday situations. Despite these issues, H.H. is bright and motivated to overcome the challenges he faces.

67. In his most recent IEP, BPS recommended he receive four services with varying frequencies. For example, BPS determined he needs four hours of self-regulation instruction each week, along with nearly two hours of instruction in reading, occupational therapy, and psychological services. In total, BPS recommends he receive over nine hours of special education services each week.

**Appx. 26**

68.     Miriam and Josh have chosen to send H.H. to Shaloh House, in part, because they are Jewish. They observe Jewish law and want their child to receive an education informed by Judaism. But because Miriam and Josh chose to educate H.H. at Shaloh House, they have been penalized for educating him outside the public school system. They can send H.H. to a public school where he can receive all the services he requires but not get the education that is best for him, or they can provide him with the best education for him but forgo some of the services he needs.

69.     Thus, because of Defendants' regulation, H.H. has been unable to get state- or locally funded services—*to which he is entitled*—at his school.

70.     Indeed, the *only* way H.H. could receive the services to which he is entitled is if he were transported to and from his school multiple times per week.

71.     Traveling to and from a public or "neutral" location multiple times per week would be unduly disruptive and burdensome for H.H., whose most recent evaluation emphasized that "he needs constant redirection at school."

72.     Being removed from Shaloh House and transported to a public or "neutral" location multiple times per week would be stigmatizing and stressful for H.H., whose most recent evaluation identified his problems with anxiety and withdrawal.

73.     Time spent traveling rather than learning and interacting with classmates would interfere with H.H.'s educational tasks and thereby detract from the educational benefit he would receive by continuing to attend school full-time at Shaloh House.

74.     Likewise, time spent at a public or "neutral" location rather than Shaloh House would detract from the education at the religious school that was Miriam and Josh's conviction—and right—to provide H.H.

16

**Appx. 27**

75.     Because parentally placed private school children are not entitled to receive state- or locally funded services at their schools, Miriam and Josh would have to incur significant out-of-pocket expenses to provide services at school for H.H. that are not provided through Gateways.

76.     Because parentally placed private school children are not entitled to receive transportation to their services, *see* 600 CMR 28.05(5)(a), Miriam and Josh would have to incur significant expenses shuttling H.H. to and from his school.

77.     Like Ariella and David's son, H.H. can receive some—but not all—of the services he requires through Gateways. But due to Defendants' regulation, he is unable to receive all the services he requires, and Miriam and Josh must choose between a school where he can receive all the services to which he is entitled but not get the education that is best for him, or a school that provides the best education for him without all the services to which he is entitled.

78.     Because traveling to and from a public or "neutral" location would have been impracticable, unduly burdensome, disruptive, stigmatizing, stressful, inefficient, and counterproductive; and would have thwarted Miriam and Josh's conviction to educate H.H. at a Jewish, rather than public, school, Miriam and Josh decided to forgo the services financed with state and local funds.

***Defendants' regulation injures Plaintiffs by infringing on their fundamental right to direct the upbringing of their children.***

79.     The United States Supreme Court has recognized the "fundamental" right of parents to "direct the education and upbringing of [their] children." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). That right includes, specifically, the right of parents to send their child to a private school. *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 535 (1925).

17

**Appx. 28**

80.     Because Defendants collectively impose and/or enforce the regulation barring the provision of state- or locally funded special education in private schools, Plaintiffs must remove their children from school to obtain special education, pay out of pocket for the special education their children are entitled to by law or, in the alternative, entirely forgo special education.

81.     But for 603 CMR 28.03(1)(e)(3), E.H.'s and H.H.'s school committees would be required to provide their IEP services in the "least restrictive environment," which means, "to the maximum extent appropriate," without "special classes, separate schooling, or other removal . . . from the regular educational environment." M.G.L. c. 71B, § 1; *see also* 603 CMR 28.02 (defining "Least Restrictive Environment").

82.     For E.H. and H.H., the "regular educational environment[s]" are the schools that they attend, M.G.L. c. 71B, § 1, and but for 603 CMR 28.03(1)(e)(3), they would be able to receive their IEP services, "to the maximum extent appropriate," in their schools. Because of 603 CMR 28.03(1)(e)(3), E.H. and H.H. are unable to attain the services on the terms that Defendants mandate for all students who are entitled to special education services simply because their parents enrolled them in private schools. *See* 603 CMR 28.03(1)(e)(4) ("Special education provided by the school district to a private school student shall be comparable in quality, scope, and opportunity for participation to that provided to public school students with needs of equal importance.")

## CLAIMS FOR RELIEF

### Count I: Substantive Due Process

83.     By this reference, Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 82 of this Complaint as though fully set forth herein.

**Appx. 29**

84.     The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV.

85.     The Due Process Clause applies to states and their subdivisions and municipalities.

86.     Among the liberties protected by the Due Process Clause is the right of parents to control and direct the education and upbringing of the children under their control. This right is "fundamental." *See, e.g.*, *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997); *Troxel v. Granville*, 530 U.S. 57, 66 (2000) (plurality); *Stanley v. Illinois*, 405 U.S. 645, 658 (1972); *Pierce v. Soc'y of Sisters*, 268 U.S. 510 (1925).

87.     The government may not condition a benefit on a person's non-exercise of a constitutional right, including the right to direct the upbringing of one's child. *Cf. Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013) ("[T]he government may not deny a benefit to a person because he exercises a constitutional right." (quoting *Regan v. Tax'n With Representation of Wash.*, 461 U.S. 540, 545 (1983))).

88.     On its face and as applied to Plaintiffs, 603 CMR 28.03(1)(e)(3)'s prohibition on the provision of special education services to parentally placed private school students at their private schools penalizes parents by making it extremely difficult—even impossible—for their children to access services. By making access to these services difficult or impossible for children whose parents enroll them in private schools, Defendants penalize parents for exercising their constitutional right to send their children to private school.

89.     Defendants have no compelling, substantial, or even legitimate interest in making it more difficult for children whose parents enroll them in private school to receive state- or

19

**Appx. 30**

locally funded special education services while providing the same for children in public school, as well as for children that school committees place in private schools.

90. Defendants' regulation is not narrowly tailored to achieve, substantially related to, or rationally related to, any governmental interest Defendants purport to have.

91. On its face and as applied to Plaintiffs, 603 CMR 28.03(1)(e)(3) violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution insofar as it prohibits the provision of special education services based on how parents choose to educate their children and therefore violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution insofar as it penalizes parents who enroll their children in private schools.

### Count II: Equal Protection of the Laws

92. By this reference, Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 82 of this Complaint as though fully set forth herein.

93. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution provides, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV.

94. The Equal Protection Clause applies to states and their subdivisions and municipalities.

95. The Equal Protection Clause prohibits the government from discriminating against a person for "the exercise of a fundamental right." *Zablocki v. Redhail*, 434 U.S. 374, 388 (1978).

96. Parents have a "fundamental" right to "direct the education and upbringing of their children." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).

**Appx. 31**

97. The Equal Protection Clause prohibits government from making it "more difficult for one group of citizens than for all others to seek aid from the government." *Romer v. Evans*, 517 U.S. 620, 633 (1996).

98. By denying children and their parents the ability to receive state- or locally funded special education services in private schools while allowing the same for children in public schools and children whom school committees place in private schools, 603 CMR 28.03(1)(e)(3) discriminates against Plaintiffs based on how they choose to direct the education of their children.

99. By making it more difficult—sometimes impossible—for parentally placed private school students than all others to seek and obtain aid from the government, 603 CMR 28.03(1)(e)(3) discriminates against Plaintiffs based on how they choose to direct the education of their children.

100. Defendants have no compelling, substantial, or even legitimate interest in denying state- or locally funded special education services for children in private schools while providing the same for children in public schools, as well as for children whom school committees place in private schools.

101. Defendants' regulation is not narrowly tailored to achieve, nor is it substantially or even rationally related to, any governmental interest Defendants purport to have.

102. On its face and as applied to Plaintiffs, 603 CMR 28.03(1)(e)(3)'s prohibition on the provision of special education services to parentally placed private school students at their private schools discriminates based on how parents choose to educate their children and therefore violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

**Appx. 32**

**Count III: Privileges or Immunities**

103.    By this reference, Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 82 of this Complaint as though fully set forth herein.

104.    The Privileges or Immunities Clause of the Fourteenth Amendment to the U.S. Constitution provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." U.S. Const. amend XIV.

105.    The Privileges or Immunities Clause applies to states and their subdivisions and municipalities.

106.    The Privilege or Immunities Clause protects "those rights and privileges which, under the laws and Constitution of the United States, are incident to citizenship of the United States." *Snowden v. Hughes*, 321 U.S. 1, 6 (1944).

107.    Some Supreme Court justices have opined that this Clause, rather than (or in addition to) the Due Process Clause, is the source of protection for substantive rights—including unenumerated rights—against the states.[1]

108.    Among the unenumerated substantive rights that citizens possess is the right of parents to control and direct the education and upbringing of the children under their control. *See, e.g.*, *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997); *Troxel v. Granville*, 530 U.S. 57,

---

[1] *See, e.g.*, *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 240, n.22 (2022) ("Some scholars and Justices have maintained that the Privileges or Immunities Clause is the provision of the Fourteenth Amendment that guarantees substantive rights."); *Troxel v. Granville*, 530 U.S. at 80 (Thomas, J., concurring in the judgment) (explaining that the right of parents to direct the upbringing of their children is "fundamental," but suggesting that the Privileges or Immunities Clause, rather than the Due Process Clause, is the right vehicle for recognizing the right), *McDonald v. City of Chicago*, 561 U.S. 742, 809–12, 851, n.20 (2010) (Thomas, J., concurring in part, and concurring in the judgment) (arguing that the Due Process Clause cannot "define the substance" of a constitutional right, but the Privileges or Immunities Clause can).

22

**Appx. 33**

66 (2000) (plurality); *Stanley v. Illinois*, 405 U.S. 645, 658 (1972); *Pierce v. Soc'y of Sisters*, 268 U.S. 510 (1925).[2]

109.    By barring the provision of state- and locally funded special education services to parentally placed private school students at their private schools, 603 CMR 28.03(1)(e)(3) abridges the fundamental right of parents to direct the education of their children by sending them to private school.

110.    Defendants have no compelling, substantial, or even legitimate interest in denying state- or locally funded special education services to children in private schools while providing the same for children in public schools, as well as for children that school committees place in private schools.

111.    Defendants' regulation is not narrowly tailored to achieve, nor is it substantially or even rationally related to, any governmental interest Defendants purport to have.

112.    On its face and as applied to Plaintiffs, 603 CMR 28.03(1)(e)(3)'s prohibition on the provision of special education services to parentally placed private school students at their private schools abridges the right of parents to direct the education of their children in violation of the Privileges or Immunities Clause of the Fourteenth Amendment to the U.S. Constitution.

## PRAYER FOR RELIEF

Plaintiffs respectfully request the following relief:

A.  A declaratory judgment by the Court that 603 CMR 28.03(1)(e)(3) violates the Due Process, Equal Protection, and Privileges or Immunities Clauses of the Fourteenth Amendment to the U.S. Constitution insofar as it requires that special education services

---

[2] This claim may be foreclosed by current U.S. Supreme Court precedent, *see Slaughter-House Cases*, 83 U.S. 36 (1872), but Plaintiffs assert it to preserve it for eventual review by the Court.

23

**Appx. 34**

funded with state or local funds be provided in a public school facility or other public or neutral site;

B.  A permanent injunction prohibiting Defendants from enforcing 603 CMR 28.03(1)(e)(3) insofar as it requires that special education services funded with state or local funds be provided in a public school facility or other public or neutral site;

C.  An award of attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988; and

D.  Any other legal and equitable relief the Court may deem appropriate and just.

Dated: May 6, 2024

Respectfully submitted,

/s/Tiffany Stichel
Tiffany Stichel (BBO672713)
Bryan Noonan (BBO694721)
SCHLOSSBERG, LLC
35 Braintree Hill Office Park, Suite 401
Braintree, MA 02184
Tel: (781) 848-5028
Fax: (781) 848-5096
tstichel@schlossbergllc.com
bnoonan@schlossbergllc.com

David G. Hodges* (DC Bar No. 1025319)
Renée D. Flaherty* (DC Bar No. 1011453)
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
dhodges@ij.org
rflaherty@ij.org

*Attorneys for Plaintiffs*

*Motion for Admission *Pro Hac Vice* forthcoming

John C. La Liberte (BBO556046)
PIONEER PUBLIC INTEREST LAW CENTER

24

**Appx. 35**

185 Devonshire Street 11th Floor
Boston, MA 02110
Tel: (617) 819-1010
john.laliberte@pioneerlegal.org

*Consulting Counsel*

**Appx. 36**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARIELLA and DAVID HELLMAN, on their own behalf and as next friends of their child, E.H.; and JOSH HARRISON and MIRIAM SEGURA-HARRISON, on their own behalf and as next friends of their child, H.H., <br><br> Plaintiffs, <br><br> v. <br><br> MASSACHUSETTS BOARD OF ELEMENTARY AND SECONDARY EDUCATION; KATHERINE CRAVEN, in her official capacity as Chair of the Board; MATT HILLS, in his official capacity as Vice-Chair of the Board; DR. ERICKA FISHER, in her official capacity as a member of the Board; ELA GARDINER, in her official capacity as a member of the Board; FARZANA MOHAMED, in her official capacity as a member of the Board; MICHAEL MORIARTY, in his official capacity as a member of the Board; DALIDA ROCHA, in her official capacity as a member of the Board; PAYMON ROUHANIFARD, in his official capacity as a member of the Board; MARY ANN STEWART, in her official capacity as a member of the Board; DR. PATRICK TUTWILER, in his official capacity as a member of the Board; DR. MARTIN WEST, in his official capacity as a member of the Board; RUSSELL D. JOHNSTON, in his official capacity as Acting Secretary of the Board and Commissioner of DESE, and MASSACHUSETTS DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION, <br><br> Defendants. | CIVIL ACTION <br> No. 24-CV-11200-NMG |

**DEFENDANTS' MOTION TO DISMISS**

**Appx. 37**

The State Defendants—the Board of Elementary and Secondary Education ("Board"); its individual members in their official capacities; the Department of Elementary and Secondary Education ("DESE"); and its Commissioner in his official capacity—hereby move to dismiss the complaint in the above-captioned matter for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and, as to the claims against the Board and DESE, because they are barred by the Eleventh Amendment.

Plaintiffs have brought this 42 U.S.C. § 1983 action to challenge the constitutionality of a Board regulation, 603 Code Mass. Regs. § 28.03(1)(e)(3), that authorizes the provision of special-education services to children whose parents choose to place them at a private school, but requires that such services, when state or locally funded, be provided at a public school or other public or neutral location. Plaintiffs claim that the regulation violates the Due Process, Equal Protection, and Privileges or Immunities Clauses of the Fourteenth Amendment. But, where Plaintiffs have failed to plausibly allege a violation of any recognized federal constitutional right, their claims fail as a matter of law and must be dismissed. *See, e.g.*, *Mulero-Carrillo v. Roman-Hernandez*, 790 F.3d 99, 105 (1st Cir. 2015) ("Plaintiffs will survive a Rule 12(b)(6) motion to dismiss their federal constitutional claims—based on equal protection and substantive due process—in [a] § 1983 action only if their pleadings plausibly establish that [defendants] violated their federal constitutional rights.").

Moreover, because the agency Defendants have not waived their Eleventh Amendment immunity in this case, and its immunity has not been abrogated by Congress, the claims against the Board and DESE must be dismissed for the additional reason that they are barred by the Eleventh Amendment. *See Brait Builders Corp. v. Massachusetts Div. of Capital Asset Mgmt.*, 644 F.3d 5, 11 (1st Cir. 2011).

2

**Appx. 38**

In further support of this motion, the Defendants refer the Court to, and incorporate by reference, the accompanying memorandum of law in support of this motion, submitted herewith.

WHEREFORE, the Commonwealth respectfully requests that this Court dismiss Plaintiffs' complaint in this matter, with prejudice.

Respectfully submitted,

MASSACHUSETTS BOARD OF ELEMENTARY AND SECONDARY EDUCATION; KATHERINE CRAVEN, in her official capacity as Chair of the Board; MATT HILLS, in his official capacity as Vice-Chair of the Board; DR. ERICKA FISHER, in her official capacity as a member of the Board; ELA GARDINER, in her official capacity as a member of the Board; FARZANA MOHAMED, in her official capacity as a member of the Board; MICHAEL MORIARTY, in his official capacity as a member of the Board; DALIDA ROCHA, in her official capacity as a member of the Board; PAYMON ROUHANIFARD, in his official capacity as a member of the Board; MARY ANN STEWART, in her official capacity as a member of the Board; DR. PATRICK TUTWILER, in his official capacity as a member of the Board; DR. MARTIN WEST, in his official capacity as a member of the Board; RUSSELL D. JOHNSTON, in his official capacity as Acting Secretary of the Board and Commissioner of DESE, and MASSACHUSETTS DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION

**Appx. 39**

By their attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ *Timothy J. Casey*
Timothy J. Casey (BBO No. 650913)
Rebecca R. Krumholz (BBO No. 707379)
Assistant Attorneys General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-7000
Timothy.Casey@mass.gov
Rebecca.Krumholz@mass.gov

July 30, 2024

## **RULE 7.1 CERTIFICATION**

I hereby certify that, on July 30, 2024, I conferred with Plaintiffs' counsel concerning the contents of this motion in an effort to eliminate or narrow the issues that are the subject of this motion.  After conferring in good faith, the parties were unable to eliminate or narrow the issues presented by this motion.

/s/ *Timothy J. Casey*
Timothy J. Casey
Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 30, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered participants identified on the Notice of Electronic Filing.

/s/ *Rebecca R. Krumholz*
Assistant Attorney General

4

**Appx. 40**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

**ARIELLA** and **DAVID HELLMAN,** on their
own behalf and as next friends of their child**,
E.H.;** and **JOSH HARRISON** and **MIRIAM
SEGURA-HARRISON,** on their own behalf
and as next friends of their child**, H.H.,**

          *Plaintiffs*,

    v.

**MASSACHUSETTS BOARD OF
ELEMENTARY AND SECONDARY
EDUCATION,** et al.,

          *Defendants*.

Case No. 1:24-cv-11200-NMG

## NOTICE OF APPEAL

Notice is hereby given that Plaintiffs Ariella and David Hellman, on their own behalf and as next friends of their child, E.H., as well as Josh Harrison and Miriam Segura-Harrison, on their own behalf and as next friends of their child, H.H., hereby appeal to the United States Court of Appeals for the First Circuit from the order of this court entered in this action on March 31, 2025 (ECF No. 23), granting Defendants' Motion to Dismiss.

Date: April 28, 2025

Respectfully submitted,

/s/ David G. Hodges
David G. Hodges* (DC Bar No. 1025319)
Renée D. Flaherty* (DC Bar No. 1011453)
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
dhodges@ij.org
rflaherty@ij.org

Tiffany Stichel (BBO672713)
SCHLOSSBERG, LLC

1

**Appx. 41**

35 Braintree Hill Park, Suite 401
Braintree, MA 02184
Tel: (781) 848-5028
Fax: (781) 848-5096
tstichel@schlossbergllc.com

*Attorneys for Plaintiffs*
*Admitted *Pro Hac Vice*

John C. La Liberte (BBO556046)
PIONEER PUBLIC INTEREST LAW CENTER
185 Devonshire Street, 11th Floor
Boston, MA 02110
Tel: (617) 819-1010
john.laliberte@pioneerlegal.org

*Consulting Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, a true and correct copy of the foregoing document was filed through the CM/ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ David G. Hodges
David G. Hodges

2
**Appx. 42**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of July 2025, a copy of the Joint

Appendix was sent via CM/ECF to all counsel of record.

/s/ David G. Hodges
David G. Hodges